STATE EX REL. EDWARD A. BINYON V. EUGENE O. HOUCK ET AL.

MANDAMUS DOES NOT LIE TO REMOVE DEPUTY CORONER.

A deputy coroner, appointed pursuant to Sec. 1209a Rev. Stat., having power to do and perform all the duties imposed upon the coroner in his absence but having no independent duties, is not an officer against whom quo warranto will lie to remove.

[Proof of this decision and syllabus has been submitted to Judge Marvin and corrected.—Ed.]

QUO WARRANTO.

**William Howell,** for plaintiff.

**M. P. Mooney,** for defendant.

**MARVIN, J.**

This proceeding is brought to test the right of Dr. Houck to hold the position of deputy coroner for Cuyahoga county. The right to proceed in quo warranto depends upon the question of whether the position held by Dr. Houck is an office, under the laws of the state of Ohio. Dr. Houck was appointed to the position named, by the coroner of the county. The appointment was made pursuant to Sec. 1209a Rev. Stat. This section provides, that the coroner in a county having a city of the first class of the second grade may appoint a deputy coroner, who shall have power to do and perform all the duties imposed by law upon the coroner of said county, in his absence, at a salary not to exceed $1,500 per annum.

If the deputy coroner, herein provided for, is an officer, after such appointment, then quo warranto is the proper proceeding to test his right to hold the office. It will be noticed that no *duties* are, in terms, imposed upon the deputy coroner, and that the *authority* given him is to perform the duties, which, under the general statutes, are imposed upon the coroner. He has no independent duties whatever; nor has he any independent authority, except that when the coroner is absent, he may perform the coroner's duties. This seems to us clearly to indicate that his position is properly designated in the statute as that of a "deputy." The word "deputy" is defined in Anderson's Law Dict. as "one who acts officially for another;" "the substitute of an officer, usually a ministerial officer."

### Cuyahoga County.

The definition in Bouvier's Law Dict. is "one authorized by an officer to execute an office or right which the officer possesses, for and in place of the latter."

The fact that the statute uses the word "deputy" is not necessarily controlling, but, as already said, the things which a deputy coroner may do, under the statute, being only to be done as a substitute for the coroner, that is to say, their being only the things which it would be the coroner's duty to do, if he were present, clearly make him a deputy only, and that being so, he seems clearly to be included in the general provisions of law relating to deputies. See Secs. 9 and 10 Rev. Stat.

As against this, it is urged that this court in the case of *State ex rel. Vail* v. *Craig*, 11 Circ. Dec. 553 (21 R. 175), held that certain parties holding positions as deputy supervisors of elections and a party holding a position as clerk of such deputy supervisors, were officers, and that this is in conflict with the present holding.

The statute under which the parties in that case claimed to hold, is found in 89 O. L. 455 and 456. An examination of the statute will show that the duties imposed upon the deputy supervisors and the clerk were not to be performed in lieu of some other officer or officers, but are wholly independent, notwithstanding the title given to the supervisors is that of deputy supervisors, as the statute provides, in terms:

"That there is hereby created the offices of state supervisor of elections and of deputy state supervisors of elections, with the powers and duties hereinafter prescribed, for the conduct and supervision of all elections in this state, except for school directors and road supervisors." Section 4 of the statute provides for the election by the board of deputy supervisors of a chief deputy, and a clerk, and the duties of each are pointed out by the statute.

We think this clearly distinguishes the present case from that referred to. The conclusion is therefore reached that the party here sought to be removed, is not an officer, and hence quo warranto cannot be maintained against him, and the petition is dismissed.

Cause No. 4059, in which the same relator seeks to have Alice Lines removed from the position of stenographer, must be decided in the same way, because the reasons suggested in the cause against Dr. Houck apply with equal, if not greater force, to the defendant Lines, and the petition in that cause is therefore dismissed.

**Henry, J.,** concurs.